IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAYTON EUGENE YOUNG          * | |
|         Plaintiff, | |
|    v.                                  * | CIVIL ACTION NO. RWT-06-2220 |
| ATTORNEY GENERAL FOR THE STATE   * | |
|  OF MARYLAND | |
| WARDEN KATHLEEN GREEN         * | |
|                                                 *** | |

**MEMORANDUM OPINION**

Plaintiff filed this 42 U.S.C. § 1983 Complaint seeking $2,000,000.00 in damages against the Maryland Attorney General and the Warden at the Eastern Correctional Institution. When pared down to its essentials, the Complaint alleges that: (1) in October of 2005, Plaintiff was informed that crimes of identify theft, fraud, forgery, and grand theft had been committed against him in 1996 and 2000, involving the sale of real estate; and (2) prison authorities and the Office of the Maryland Attorney General have denied or ignored Plaintiff's requests for assistance to report these crimes to law enforcement officials.[1] (Paper No. 1). Plaintiff claims that he has been denied due process and his day in court.

Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. The Complaint shall, however, be dismissed without requiring service of process on Defendants. The Court knows of no free-standing right for a private citizen to seek the criminal prosecution of individuals. Indeed, "[I]n American jurisprudence at least, a private citizen lacks a

---

[1] Plaintiff states that from May to August of 2006, he spoke and wrote to prison staff, the Office of the Attorney General, the Commissioner of the Division of Corrections, the State's Attorney, and the Maryland State Police, requesting an investigation and criminal prosecution of the responsible parties.

judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Otero v. United States Attorney General, 832 F.2d 141 (11th Cir. 1987); Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90 (2d Cir. 2001). Further, the law is also clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. See Sattler v. Johnson, 857 F.2d 224, 226 (4th Cir. 1988); see also White v. City of Toledo, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002); Walker v. Schmoke, 962 F.Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court....has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); Fulson v. City of Columbus, 801 F.Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

For the aforementioned reasons, a separate Order shall be entered, dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).[2] This shall constitute the first § 1915(e) dismissal to be charged to Plaintiff. He is hereby notified that he may be barred from filing future suits in forma

---

[2] § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

pauperis if he continues to file federal civil actions that are subject to dismissal under § 1915(e).[2]


Date:   9/13/06                                    /s/                       
                                          ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE

---

[2]  § 1915(g) provides that:

  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

  As the court interprets this provision, once three such dismissals under §1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.